Cite as 2025 Ark. App. 393

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-24-14

| | | |
|---|---|---|
| AJ HARVEY | | Opinion Delivered June 4, 2025 |
| | APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CV-22-1240] |
| V. | | |
| JEFFREY JOHNSON, M.D. | | HONORABLE JOSH FARMER, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**MIKE MURPHY, Judge**

Appellant AJ Harvey appeals the decision of the Saline County Circuit Court granting the motion for summary judgment filed by appellee Dr. Jeffrey Johnson and dismissing Harvey's complaint with prejudice. We affirm.

This is a medical-malpractice case stemming from alleged complications Harvey suffered as a result of hip-replacement surgery performed by Dr. Johnson. In his complaint against Dr. Johnson, Harvey alleges that Dr. Johnson did not counsel him regarding the specific complications from which he now suffers and that, had he been informed of these complications, he would not have opted to have the hip surgery. Dr. Johnson answered, denying the substantive allegations, and the matter proceeded to discovery. Dr. Johnson then moved for summary judgment, in part, because Harvey failed to establish the standard of care for the locality where Dr. Johnson practices by means of expert testimony. The circuit

court granted Dr. Johnson's motion, and Harvey now appeals. On appeal, he argues that the circuit court erred in granting summary judgment.

The order granting summary judgment did not specify on which theory it granted summary judgment. In his motion for summary judgment, Dr. Johnson alleged that Harvey's expert, Dr. Fetto, failed to establish the proper standard of care in the case and was further unable to articulate what action or omission by Dr. Johnson proximately caused Harvey's injuries. We agree that Dr. Fetto did not satisfy the locality rule for medical-malpractice actions and was therefore not a qualified medical expert.

Summary judgment is appropriate if no genuine issues of material fact exist for trial. *Newton v. Shrum*, 2024 Ark. App. 507, at 8–9. Once the moving party has demonstrated an entitlement to summary judgment, Arkansas law shifts the burden to the nonmoving party, who must show that a genuine issue of material fact remains by meeting proof with proof to show a genuine issue as to a material fact. *Id.*

In medical-malpractice actions, unless the asserted negligence can be comprehended by a jury as a matter of common knowledge, a plaintiff has the additional burden of proving three propositions by expert testimony: (1) the applicable standard of care; (2) the medical provider's failure to act in accordance with that standard; and (3) that the failure was the proximate cause of the plaintiff's injuries. Ark. Code Ann. § 16-114-206(a) (Repl. 2016). When the defendant demonstrates the plaintiff's failure to produce the requisite expert testimony, the defendant has demonstrated that no genuine issues of material fact exist and

is therefore entitled to summary judgment as a matter of law. *Johnson v. Schafer*, 2018 Ark. App. 630, 565 S.W.3d 144.

Our supreme court has endorsed the locality rule as to the standard of care in Arkansas. *Plymate v. Martinelli*, 2013 Ark. 194. In order to meet the locality requirement, an expert must demonstrate familiarity with the standard of practice in that or a similar locality. *Bailey-Gray v. Martinson*, 2013 Ark. App. 80, at 3. Although we consider the geographical location, size, and character of the community, similarity of localities is based not on population or area but on the similarity of the local medical facilities, practices, and advantages. In *Bailey-Gray*, the court found that Dr. Kasdan's testimony did not show sufficient familiarity with the medical facilities or practices in Berryville, Arkansas, to identify similar localities and make a meaningful comparison; as a result, his testimony was struck.

Turning to the facts at hand, Harvey explains that the circuit court erred in granting summary judgment because Dr. Fetto is a highly qualified orthopedic surgeon with extensive experience, has performed hundreds of hip surgeries, is currently the chairman of orthopedic surgery at Brooklyn Hospital Medical Center; and has previously taught at New York medical hospitals. None of this, however, establishes Dr. Fetto's familiarity with the medical resources or practices in Benton, Arkansas.

Harvey contends that the standard of care in Saline County does not differ from that in any other part of the United States. He relies on the testimony of Dr. Johnson's witness, Dr. C. Lowry Barnes, chair of the Department of Orthopedic Surgery at the University of Arkansas for Medical Sciences, who confirmed that there is no variation in "the degree of

skill and learning ordinarily possessed by orthopedic surgeons" between Benton, Arkansas, and other localities. Dr. Barnes, referencing his national experience through the American Association of Hip and Knee Surgery, testified that he is familiar with the standard of care across much of the United States and affirmed that it is consistent with the standard in Benton.

We are unpersuaded by Harvey's argument, however, for two reasons. First, Arkansas law strictly adheres to the locality rule, and to the extent Harvey suggests a national standard of care, we reject it. Our courts have consistently held that testimony regarding a national or general statewide standard of care is insufficient. *See Plymate*, 2013 Ark. 194, at 5; *Gilbow v. Richards*, 2010 Ark. App. 780, at 4. Harvey's attempt to rely on Dr. Johnson's expert, Dr. Barnes, to establish the local standard of care is likewise unavailing. While Dr. Barnes testified that he is familiar with the standard of care in Benton and that it does not differ materially from many other places, he did not testify that the standard in Brooklyn, New York, is the same as in Benton. More importantly, he did not attest that Brooklyn is a similar locality or offer any comparison between the two communities as Arkansas law requires. *Bailey-Gray*, 2013 Ark. App. 80, at 3. Because Harvey has failed to offer expert testimony establishing the standard of care in Benton or in a similar locality, it was not erroneous for the circuit court to grant summary judgment.

Because we hold that the circuit court did not err in granting summary judgment due to a failure to establish the standard of care for the locality where Dr. Johnson practices by means of expert testimony, we need not address Harvey's remaining arguments.

4

Affirmed.

VIRDEN and BARRETT, JJ., agree.

*Heaton & Harris LLP*, by: *Colin C. Heaton*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *Martin A. Kasten* and *Tyler D. Bone*, for appellee.